## School, Farm and Domestic Work Permits

BARCO, Deputy Attorney General, May 27, 1940. —
This department has received your communication
wherein you request an interpretation of the Act of
June 24, 1939, P. L. 786, 24 PS §1401 et seq., with respect
to limitations of farm and domestic work permits to
school children as provided therein.

You inform us that you have had numerous confer-
ences with, and received many communications from, the
Amish and Mennonites of Lancaster County, who are
particularly interested in knowing if the law will permit
the issuing of a farm or domestic work permit to children
who have reached the age of 14 years, and who have
finished six grades of public schooling.

You then ask us these questions:

1. Is there any legal method or procedure on the basis
of which the Superintendent of Public Instruction, acting
under authorization of this section of the school laws,
may construe the sixth grade of the public schools as be-
ing "the highest grade of the elementary school organiza-
tion prevailing" in a public school district which has not
made provision for a junior high school organization or
for a secondary school program beginning at the termina-
tion of grade six?

2. Is there any other provision or authorization of law
under which the Superintendent of Public Instruction
may so construe the authority delegated to him by the
General Assembly as to enable him to authorize the grant-
ing of farm or domestic permits to pupils who have at-
tained the age of at least 14 and have completed the sixth
grade of the elementary schools but have not completed
the remaining grades of the elementary school work

offered under the plan of organization prevailing in the district in which the said child or children may reside?

These questions require us to review our laws relating to compulsory school attendance and particularly the School Code of May 18, 1911, P. L. 309, sec. 1414, as amended by section 2 of the Act of 1939, supra. In this review we have been guided by the principles enunciated by Chief Justice Kephart in Ehret v. Kulpmont Borough School Dist., 333 Pa. 518 (1939), wherein he says at page 522:

"The Constitution has placed the educational system in the hands of the legislature, free from any interference from the judiciary save as required by constitutional limitations. We may only, in problems such as this, ascertain the legislative intent. . . . As we said in *Walker's Appeal*, 332 Pa. 488: 'The fundamental public policy, expressed in the Constitution and underlying school laws, is to obtain a better education for the children of the Commonwealth.' The separate sections of the School Code all derive their inspiration from this source. Though containing individual policies in themselves, each is subordinate to this cardinal purpose."

To answer properly the questions propounded by you, it will be necessary to construe the different sections of the various laws in the School Code which we believe have a bearing on the problem.

As you mentioned in your letter, our chief concern is the interpretation of the pertinent provisions of section 1416 of the School Code, supra, as amended by section 4 of the Act of 1939, supra. Part of section 4 of this act, which is pertinent to our problem, reads as follows:

"The provisions of this act requiring regular attendance shall not apply to any child who has attained the age of sixteen years, and who is regularly engaged in any useful and lawful employment or service during the time the public schools are in session, and who holds an employment certificate issued according to law; nor to any child who has been examined by an approved mental

clinic or by a person certified as a public school psychologist or psychological examiner, and has been found to be unable to profit from further public school attendance, and who has been reported to the board of school directors and excused, in accordance with regulations prescribed by the State Council of Education; nor shall the said provisions apply to any child who has attained the age of fifteen years and is engaged in farm work or domestic service in a private home on a permit issued by the school board or the designated school official of the school district of the child's residence, in accordance with regulations which the Superintendent of Public Instruction is hereby authorized to prescribe: *Provided, That such a permit may be issued to any child who is at least fourteen (14) years of age and has satisfactorily completed, either in public or private schools, the equivalent of the highest grade of the elementary school organization prevailing in the public schools of the district in which he resides, if the issuance of such a permit has first been recommended by the county or district superintendent of schools having supervision of the schools of the district where such child resides, or by the principal of the private school where such child is enrolled, and such reason has been approved by the Superintendent of Public Instruction.*"

This section, as amended, makes the following classification with relation to compulsory school attendance:

1. Any student or pupil who has attained 16 years of age, and who is regularly engaged in useful and lawful employment or service during school sessions, and who holds an employment certificate issued according to law, is exempt from compulsory school attendance.

2. The same is true in the case of "any child who has attained the age of fifteen years and is engaged in farm work or domestic service in a private home on a permit" duly issued.

3. An exemption may also be issued to any child 14 years old that has satisfactorily completed, either in public or private schools, the equivalent of the highest

grade of the elementary school organization prevailing in the public schools of the district in which he or she resides, if the issuance of such permit has been approved by the Superintendent of Public Instruction.

We are chiefly concerned with this third group. It is evident that the solution to the problem depends on the meaning of "the equivalent of the highest grade of the elementary school organization prevailing in the public schools of the district in which he resides". This section of itself does not indicate what is "the highest grade of the elementary school organization prevailing" in the district. Reference, therefore, must be made to other sections of the School Code which may indicate to us what constitutes "the highest grade of the elementary school organization prevailing" in the school district.

In considering these various provisions of the School Code, supra, art. IV, sec. 401, as amended by section 1 of the Act of May 24, 1921, P. L. 1066, and section 8 of the Act of May 29, 1931, P. L. 243, we find that:

"The board of school directors in every school district in this Commonwealth shall establish, equip, furnish, and maintain a sufficient number of elementary public schools . . . to educate every person, residing in such district between the ages of six and twenty-one years, who may attend; and may establish, equip, furnish, and maintain the following additional schools . . . for the education . . . of persons residing in said district and for the proper operation of its schools . . . when established, shall be an integral part of the public school system in such school district, and shall be so administered, namely:

"High schools . . .".

Nothing in the provisions of the law just cited indicates what grades constitute an elementary school. However, section 1701 of the School Code, as amended by the Acts of May 20, 1921, P. L. 1036, sec. 1, and April 7, 1925, P. L. 166, sec. 1, 24 PS §1581, provides that:

"A complete high school course is one requiring four years beyond *an elementary course of eight years or six*

*years beyond an elementary course of six years.*" (Italics supplied.)

The remainder of this section sets out in detail the requirements of the various high school and junior high school systems recognized and in operation in this State.

Historically, it is particularly interesting to note the provisions of section 1701 of the School Code in relation to high schools and elementary schools prior to the present effective Act of 1925, supra, sec. 1. By the Act of May 20, 1921, P. L. 1036, section 1701 was amended by prefixing to it the following paragraph:

"The term elementary school or elementary course shall apply to all grades not included among those recognized as high school grades in the classification of the Department of Public Instruction. A high school is an organization of grades seven, eight, nine, ten, eleven, and twelve, in cases where such grades or any of them are organized as part of a junior high school, a senior high school, or a six year high school, and are so recognized by the State Board of Education; but where such grades are not so organized, *grades seven and eight shall be classified as elementary grades. A complete high school course is one requiring four years beyond an elementary course of eight years or six years beyond an elementary course of six years.* The Superintendent of Public Instruction shall make such regulations as shall be necessary to insure proper standards for the various grades of the twelve years of the public school course." (Italics supplied.)

It will be noted that section 1701 was again amended by section 1 of the Act of 1925, which we have referred to and cited hereinbefore.

The provisions of section 1601 et seq. of article XVI, of the School Code, as amended by section 1 of the Act of May 20, 1921, P. L. 983, and section 8 of the Act of 1939, supra, 24 PS §1531, which deal generally with the operation of elementary schools in this Commonwealth, and of the various school laws in effect controlling the payment of salaries of the elementary teachers in the dif-

ferent school districts, do not of themselves show us what grades constitute the elementary schools of a public school system.

It is, therefore, obvious that there is no universal or State-wide administrative standard for an elementary public school system existing in this Commonwealth, since a school district may have in operation either a junior high school, a six or eight-year elementary school system, depending on the type of high school that the school directors have adopted for their respective district. It is just as obvious that, unless a school district has made provision for a junior high school or a six-year secondary, or high school, program, beginning with the termination of the sixth grade, of necessity the highest grade elementary school organization in that school is the eighth grade.

Unless the propositions advanced by you can be brought into harmony with, and within the scope of, the various school laws that we have hereinbefore referred to, it follows that section 1416 of the School Code, supra, as amended by the Act of 1939, does not of itself permit an interpretation which will allow the issuance of a farm or domestic permit to every student in the Commonwealth, even though the student is 14 years of age and has completed the first six grades of elementary school, unless the school district where the student is attending school has in operation either a junior high school organization or a six-year high school course. In the latter cases, the sixth grade of the public school system is "the highest grade of the elementary school organization prevailing" in that particular school district.

Therefore, as we have above indicated, your first query must be answered in the negative unless that school district has in operation a junior high school organization or a six-year high school program. Accordingly, the answer to your second query is in the negative because your decision as to what constitutes the elementary grade in each school district is governed by the school program in effect in that school district.

This result will necessarily bring disappointment to our Amish and Mennonite neighbors. They solicited and secured from the General Assembly of 1939 the amendment which they believed would grant you power to exempt their children above the age of 14 years from the operation of the compulsory school laws. They have urged upon us the same arguments they presented to the legislature. We understand and appreciate their "way of life", and for the vast and valuable contributions they have made to the religious life in Pennsylvania, and to its material prosperity as well, we have profound admiration. We realize that good men are as essential as learned men to a democracy, and a philosophy of life and faith which produces good men the Commonwealth will always encourage and protect. But this department is obliged to find the legislative intent in the words which the law-making body has employed. If our interpretation does not represent the actual, as distinguished from the expressed, intent of the legislature, the next General Assembly will doubtless provide appropriate relief.

It is our opinion, and you are therefore advised, that:

1. The Superintendent of Public Instruction may construe the sixth grade of a public school system as being "the highest grade of the elementary school organization prevailing" in a public school district, only in those school districts which have made provisions for a junior high school organization or a secondary, or high school, program, beginning at the termination of the sixth grade.

2. The Superintendent of Public Instruction has no authority delegated to him by the General Assembly which will enable him to issue a farm or domestic permit to pupils who have attained the age of 14 years and have completed the sixth grade of the elementary school, unless the school district in which the pupil resides and attends school has in effect a junior high school organization or a six-year high school program.